Mr. Lance Hudnell, Deputy City Manager 133 Convention Boulevard Post Office Box 700 Hot Springs, AR 71902
Dear Mr. Hudnell:
You have requested approval, pursuant to the Interlocal Cooperation Act [A.C.A. § 25-20-101 et seq.], of an agreement between Garland County, Arkansas, and the City of Hot Springs, under the terms of which the parties agree concerning the construction, maintenance, and operation of a building that will house the Hot Springs District Court and the Garland County Juvenile Court.
The Interlocal Cooperation Act requires that interlocal agreements for joint or cooperative action specify the following items:
(1) The duration of the agreement;
(2) The purposes of the agreement;
 (3) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it;
 (4) The methods of accomplishing termination of the agreement and for the disposal of property (if any) upon termination;
(5) Any other necessary and proper matters.
A.C.A. § 25-20-104(c).
In addition, if the interlocal agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify the following items:
 (1) The provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking;
 (2) The manner of acquiring, holding, and disposing of real and personal property (if any) used in the joint or cooperative undertaking.
A.C.A. § 25-20-104(d).
The agreement that you have submitted must specify all of the above-listed items.
I am required by law to review the agreement for the purpose of determining whether it is in proper form, as described above, and is otherwise compatible with the laws of the state. Having reviewed the agreement, I must conclude that it is deficient in one respect: It does not indicate whether the city and the county are to be joint owners of the property that is the subject of the contract. If the city and the county are to be joint owners of this or any other property that is to be used in this undertaking, the agreement must address the manner in which such property is to be disposed of. A.C.A. § 25-20-104(c)(4) and (d)(2).
The agreement appears otherwise to be in proper form and appears on its face to be consistent with Arkansas law. Of course, I do not have access to all the facts that would be necessary to determine whether the agreement, as applied under all factual circumstances, would be lawful. For this reason, the agreement should, as always, be scrutinized for potential application problems. For example, the agreement should be analyzed to determine whether under the foreseeable facts and circumstances, it is consistent with Article 12, § 4 of the Arkansas Constitution, which prohibits cities and counties from making any contract that would obligate the city or county for an amount in excess of the revenue of the city or county for the current fiscal year.
In light of the deficiency mentioned above, I must withhold approval of the submitted agreement in its current form, pursuant to the provisions of A.C.A. § 25-20-104(f)(2). If you wish to submit an amended agreement including the required information, I will be happy to approve it in a most expeditious manner.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General